# Case No. 6,960.

## In re HUTTO.

[3 N. B. R. 787 (Quarto, 191); [1] 3 Am. Law T. 197; 1 Am. Law T. Rep. Bankr. 226.]

### District Court, E. D. Texas. 1870.

BANKRUPTCY—MORTGAGE—PRIOR LIEN—WAIVER.

Where a mortgage was given by bankrupt, on five bales of cotton, while a lien existed on three hundred and twenty acres of land, in favor of mortgagee, which register claimed was a waiver of the prior lien, *held*, the register was in error. The lien on the land was not waived, nor in any way affected, by the mortgage on the cotton. The creditor has a valid, subsisting lien upon said three hundred and twenty acres of land; and that the opposition of bankrupt thereto be overruled. The assignee is ordered to sell said land, according to law, to satisfy said lien.

[In bankruptcy. In the matter of Solomon Hutto.]

DUVAL, District Judge. I have carefully examined this case in connection with the questions certified to me for decision. My opinion is that the register was in error, when he held that the mortgage given by the bankrupt, on the five bales of cotton, was a waiver of the prior lien on the land. He should have held that the vendor's lien upon the three hundred and twenty acres of land, claimed as a homestead by bankrupt, subsisted as against the same, in favor of the creditor, Joseph Werner. It is very clear to me, that this lien was not waived, or in any manner affected, by the mortgage given on the cotton. It is therefore adjudged that the said creditor has a valid, subsisting lien upon the said three hundred and twenty acres of land, and that the opposition made thereto by the bankrupt be overruled. It is further ordered that the assignee of said bankrupt do proceed to sell, according to law, the said tract of three hundred and twenty acres of land, to satisfy the lien existing thereon, in behalf of the creditor, Werner. The clerk will certify this decision to the assignee.

---

[1] [Reprinted from 3 N. B. R. 787 (Quarto, 191), by permission.]